## Commonwealth v. Stone et al.

*L. E. Meyer*, for plaintiff.

*Robert E. Siegrist*, for defendant.

*Moses K. Rosenberg*, for garnishee.

EHRGOOD, P. J., August 9, 1951.—Defendants were charged with alleged violations of the Pennsylvania State Solicitations Act on information of William H. Fairburn, Chief of Police of the City of Lebanon, Pa. Each of the defendants was adjudged guilty before an alderman and each defendant was fined $100, plus costs. This court has specially allowed appeals from these convictions. This court heard testimony de novo on the charges, and counsel moved for directed verdicts of acquittal for each defendant.

Defendant Giles testified that he was a resident of West Farview, Pa.; that he was a membership director of an organization known as the American Association of Clergy; that the purpose of the asociation was to promote church attendance by means of dignified publicity, funds for which were to be raised through sale of

official go-to-church seals; that the first meeting of the association was held on May 19, 1950, and that the association has between 25 and 28 members; that this defendant consulted attorney Rosenberg, of Harrisburg, who advised him that the association would not come under the provisions of the Solicitations Act. This defendant and some of his associates solicited various clergymen in the City and County of Lebanon to join the association, and that several ministers did so. Prior to the contemplated campaign some of the defendants contacted William H. Fairburn, Chief of Police of the City of Lebanon, who stated that he would make an investigation and determine whether the campaign was objectionable. Some time later defendants were notified that the chief objected to the continuance of the campaign. The campaign was conducted by advertisements in newspapers, picture theatres and over the radio. The method used was that one of the defendants would call prospective contributors on the telephone and ask them to purchase a block of seals for $1.50. Defendant Stolberg was one of the persons who called on the telephone. Defendants had an office on the second floor of the Veterans of Foreign Wars building in the City of Lebanon. The association was formed for the purpose of employing defendants in the go-to-church movement. Defendants Stone, Haines and Wertz did similar work with the military Order of the Purple Heart prior to the forming of this association. Defendant Haines was an advertising salesman; Stolberg had been a collector; Wertz assisted in the campaign; Stone was the publicity man, and director of the organization. Defendants collected approximately $500 during their campaign which was used for the expense thereof. From the pertinent and relevant testimony produced at the hearing the court finds that A. P. Stone delivered the seals; Stolberg picked up the money from the sale of seals; Giles visited the clergy-

men for the express purpose of having them join the association, arranged for the telephone service, and solicited the seals from Andrews Cut Rate Drug Store; Haines delivered seals to Andrews Cut Rate Drug Store, and Wertz solicited funds over the telephone.

The Act of May 13, 1925, P. L. 644, section 1 as amended, 10 PS §141, under which defendants were prosecuted, inter alia, provides as follows:

"Thirty days after the approval of this act it shall be unlawful for any person, copartnership, association, or corporation, except in accordance with the provisions of this act, to appeal to the public for donations or subscriptions in money or in other property, or to sell or offer for sale to the public any thing or object whatever to raise money, or to secure or attempt to secure money or donations or other property by promoting any public bazaar, sale, entertainment, or exhibition, or by any similar means for any charitable, benevolent, or patriotic purpose, or for the purpose of ministering to the material or spiritual needs of human beings, either in the United States or elsewhere, or of relieving suffering of animals or of inculcating patriotism, unless the appeal is authorized by and the money or other property is to be given to a corporation, copartnership, or association holding a valid certificate of registration from the Department of Welfare, issued as herein provided."

The said act, as last amended, 10 PS §151, further provides as follows:

"This act shall not apply to fraternal organizations incorporated under the laws of the Commonwealth, religious organizations, raising funds for religious purposes, colleges, schools, universities, or associations of alumna or alumnae thereof, raising funds for fellowships or scholarships, federated women's clubs, labor unions, municipalities, or subdivisions thereof, nor to charitable institutions or agencies required by

the provisions of existing law to file reports with the Department of Welfare or with any other department or office of the Commonwealth, nor to any war veterans' organization or any subordinate units thereof, whenever the purpose for which it is soliciting funds has been approved by the Department of Military Affairs".

It is contended on the part of defendants that the burden was on the Commonwealth to show affirmatively, beyond a reasonable doubt, that each defendant appealed to the public for money in the sale of going-to-church seals.

It is contended by the Commonwealth that the phrase "raising funds for religious purposes" relates only to "religious organizations". Defendants contend this interpretation is fallacious; first, because the two phrases are separated by a comma; second, because the act of assembly was passed essentially for the control of activities and not of organizations engaged therein. With this contention of defendants this court cannot agree. It is our opinion that the association which employed defendants is not a religious organization, but was an organization formed for the purpose of raising funds for a go-to-church movement.

There is no doubt that defendants either actually solicited funds from the public of Lebanon County, or aided, abetted and assisted in the solicitation of the same. Wherefore, each defendant is actually guilty of the violation of the Pennsylvania State Solicitations Act.

It is further contended by defendants that inasmuch as defendants were acting under the advice of counsel that this negatives any intention on the part of defendants to violate the provisions of the Solicitations Act. However, advice of counsel is merely evidence of the lack of intention, and under the facts and circumstances in this case, particularly in view of the solici-

tation being made by telephone communications, indicates an intention that defendants knew or should have known that they were violating the provisions of this act of assembly.

And now, to wit, August 9, 1951, we find each defendant guilty as charged; the motion to dismiss defendants is overruled, and the district attorney is hereby authorized and directed to call defendants for sentence. The costs of this proceeding are directed to be paid by defendants.